GISPERT ET AL. *v.* THE REGISTRAR OF PROPERTY.

APPEAL from the decision of the Registrar of Property of Ponce.

No. 7.—Decided June 27, 1906.

RECORD—COMBINING OF PROPERTIES.—Two separate lots may be combined and recorded as a single property, but this cannot be done where there is a house on each of the lots, and the two houses bear different street numbers, inasmuch as a combination of the latter kind is not provided for in article 61 of the Regulations for the Execution of the Mortgage Law.

The facts are stated in the opinion.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Pedro Gispert y Gely from a decision of the Registrar of Property of Ponce, refusing to admit to record a deed to combine estates.

By public deed executed in Ponce before Angel Acosta y Quintero, a notary thereof, on the 10th of February of the current year, Pedro Gispert y Gely alleged that he was the owner of two lots situated in the second *barrio* of said city of Ponce,

which he had combined and made into a single lot of 513.755 square meters, and that he had transferred to the lot so combined a frame house, which he had purchased of Luisa Rodríguez and her husband, Modesto Quiñones, formerly situated on a lot belonging to the Bonilla Estate, on Cantera street, in the said city of Ponce, and that he had made a number of repairs and improvements thereon, and that its number was 44; that he had also built on the same lot another frame house, with a galvanized iron roof, bearing No. 42, both houses facing the north upon the extension of Sol street, and that, desiring to record both houses, with the lot upon which they were situated, he made it a matter of record that the lots combined and described with the two houses, composing a single estate as they did, he wished to have them so recorded in his name in the registry of property.

Upon the presentation of this deed in the Registry of Property of Ponce, the registrar denied its record on the ground set forth in the decision placed at the end of said document, which reads as follows:

"The record of the foregoing document is denied on account of the following incurable defects:

"1. Because it is sought to have recorded as a single estate two separate houses bearing two different government numbers, which, with their respective lots, must constitute two urban estates, each to be recorded in the form prescribed in article 8 of the Mortgage Law; because although the lots could legally be joined, their record under a single number becomes impossible the moment that it is stated that two houses are sought to be joined, which houses, with the lots they respectively occupy, must necessarily form two different urban estates, to which different numbers must be given in the register on account of their grouping not being included in any of the cases of article 61 of the Mortgage Regulations.

"2. Because the house bearing No. 44, acquired by purchase, is not recorded in favor of the vendor, nor of any other person.

"In lieu of the record a cautionary notice is entered effective for four months, at folio 247 of volume 136 of this municipality, estate No. 6116, Record A. Ponce, April 16, 1906.—José Sastraño Belaval, registrar."

The petitioner, not being satisfied with the decision of the registrar, left the document presented in the possession of said official in order that, in accordance with the provisions of the Act of the Legislative Assembly of this Island relating to appeals from decisions of registrars of property, he should transmit it to this Supreme Court for proper decision; and the registrar did transmit it together with his report.

The grounds upon which the decision of the Registrar of Property of Ponce denying the record is based are accepted, and in view of the decision of the General Directorate of February 22, 1873, cited by the registrar in his report, the decision refusing to admit to record the deed in question is affirmed, and it is ordered that it be returned to the Registrar of Property of Ponce with a certified copy of this decision for his information, and other purposes.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.